## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | **No. 03-10029-DPW** |
| | ) | **08-10333-NMG** |
| **JOHN MENDONCA,** | ) | |
| **Defendant.** | ) | |


### JOINT STATUS REPORT

The United States, by and through Assistant United States Attorneys Nathaniel R. Mendell and Jennifer H. Zacks, and the defendant, through undersigned counsel, submit this status report regarding the defendant's pending motion, filed pursuant to 18 U.S.C. §3582.

> **a.** **The defendant's eligibility for a reduction of sentence in accordance with 18 U.S.C. §3852.**

> **1.** **Procedural background.**

In Case No. 03-10029-DPW, the defendant was charged with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h) & (a)(1); money laundering, in violation of 18 U.S.C. § 1956(a)(1) and §2; engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §1957; and structuring currency transactions, in violation of 31 U.S.C. §5324(a)(3).

In Case No. 08-10333-NMG,   the defendant was charged with conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §846; and conspiracy to possess with intent to distribute at least 100 kilograms of Marijuana, in violation of 21 U.S.C. §841 (a)(1).

The defendant entered into a global plea agreement with the government pursuant to Fed.R.Crim.P. 11(c)(1)(C).[1]   In the agreement, the parties agreed to recommend concurrent sentences for the two cases of 168 months.   The parties agreed that, with respect to Case No. 03-10029-DPW, the defendant's guideline sentencing range ("GSR") was 151 to 188 months, based the following:

    (i)    base offense level ("BOL") of 30 (at least 700, but less than 1,000 kilograms of marijuana);

    (ii)    two-level enhancement for possession of a firearm;

    (iii)    two-level enhancement for a money laundering conviction;

    (iv)    three-level reduction for acceptance of responsibility

    (v)    total offense level ("TOL") of 31; and

    (vi)    criminal history category ("CHC") IV.

With respect to Case No. 08-10333-NMG, the parties agreed that the defendant's GSR was 78 to 97 months, based the following:

    (i)    BOL of 30 (marijuana equivalency of between 700 and 1,000 kilograms);

---

[1] The plea agreement also contained a waiver of the defendant's right to seek relief under 18 U.S.C. §3582.   The government is not seeking to enforce that waiver in this proceeding.

      (ii)    three-level reduction for acceptance of responsibility

      (iii)   TOL of 27; and

      (iv)   CHC II.

The parties stated that their joint recommendation "represent[s] the middle of the higher of the two GSRs to which Defendant is subject."

At sentencing, the Court in both cases adopted the guideline calculations in the plea agreement, with one change – the defendant was found to be in CHC III in Case No. 08-10333 because of his sentence (imposed after the plea agreement was finalized) in Case No. 03-10029-DPW.   As a result, his GSR in Case No. 08-10333-NMG was 87 to 108 months.   As contemplated in the plea agreement, concurrent sentences of 168 months were imposed in both cases.   The Court in Case No. 08-10333 noted "This Fed.R.Crim.P. 11(c)(1)(C) plea was part of a 'global settlement' of this case and charges brought in Crim. Case No. 03-10029-JLT which resulted in a Guideline Sentencing Range of 151 to 188 months of incarceration."  D.87.

The defendant has a current projected release date of June 17, 2016.

## 2.     The defendant's eligibility for relief.

Because the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the defendant is eligible for a reduction in his sentence.  *See* 18 U.S.C. §3582(c)(2); USSG §1B1.10.  However, any reduction must be limited by

the terms of USSG §1B1.10(e)(1), which provides:  "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015 or later."   Similarly, USSG §1B1.10 application note 6 states:

> A reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. §3582(c)(2).

**b.    Revised Guideline Calculation.**

The revised calculations are as follows:

Case No. 03-10029-DPW: TOL 29, CHC IV, GSR 121 to 151 months.

Case No. 08-10333-NMG: TOL 25, CHC III, GSR 70 to 87 months.

**c.    Sentencing recommendations.**

The parties have reviewed a summary of the defendant's SENTRY report, reflecting his disciplinary history while incarcerated, and recommend concurrent sentences of 121 months in the two cases.  Although the Court imposed a sentence at the mid-range of the higher GSR at the original sentencing, the parties take the position that a low-end sentence is appropriate in this case.  The parties note that any sentence of 159 months or less will result in a scheduled release date of November 1, 2015.

Recognizing that the effective date of the Court's order must be November 1, 2015 or later, the parties propose the following language for the Court's order: "a sentence of 121 months, but, in no event, less than time served on November 1, 2015."

**d.      Whether a hearing is required.**

No hearing is required.

**e.      Earliest projected release date based on the low end of the revised guideline calculation.**

The defendant's earliest projected release date is November 1, 2015.

**f.      Proposed briefing schedule on contested issues.**

No further briefing is required.

**g.      Whether a transcript is required.**

No transcript is required.

**h.      Plea agreement.**

The relevant terms of the plea agreement are discussed above.  The parties move that the Court waive the requirement that the plea agreement be attached to this status report.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Jennifer Hay Zacks
Nathaniel R. Mendell, Bar No. 654283
Jennifer H. Zacks, D.C. Bar No. 431747
Assistant U.S. Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
nathaniel.mendell@usa.doj.gov
617-748-3304
jennifer.zacks@usdoj.gov
617-748-3109

JOHN MENDONCA,
Defendant

By: /s/ James J. Cipoletta
James J. Cipoletta (BBO #084260)
Law Offices of James J. Cipoletta
Citizens Bank Building
385 Broadway, Suite 307
Revere, MA 02151
jcipoletta@comcast.net
781-289-7777

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic

Filing (NEF).

/s/ Jennifer Hay Zacks
JENNIFER HAY ZACKS
Assistant United States Attorney

Date: April 30, 2015